UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

MARY FIXL, individually and on behalf of all those similarly situated,

**COLLECTIVE ACTION**

Plaintiff,

vs.

RANDALL MECHANICAL, INC.,
d.b.a. "RANDALL" and
JEFFREY S. CONDELLO,

Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, MARY FIXL ("Ms. Fixl"), individually, and on behalf of all other similarly situated employees, by and through undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendants, RANDALL MECHANICAL, INC., d.b.a. "RANDALL" and JEFFREY S. CONDELLO, and further states as follows:

**INTRODUCTION**

1. Plaintiff brings this cause of action raising individual claims for unpaid overtime wages pursuant 29 U.S.C. § 207 (overtime provisions of the Federal Fair Labor Standards Act ("FLSA")) and a Representative Action pursuant to 29 U.S.C. § 216(b) (authorizing representative actions under the

1

FLSA) seeking to represent a class of employees denied unpaid overtime pursuant to the FLSA.

2. The FLSA prevents the exploitation of a class of workers who are in an unequal position with respect "to bargaining power and are thus relatively defenseless against the denial of a living wage is not only detrimental to their health and well being but casts a direct burden for their support upon the community. What these workers lose in wages the taxpayers are called upon to pay." *West Coast Hotel Co. v. Parrish*, 300 U.S. 379, 399 (1937)(Hughes, C.J).

3. Defendants utilized their unequal bargaining power to render defenseless Ms. Fixl, and similarly situated employees, against the denial of the living wage which they are entitled to receive and that is protected by 29 U.S.C. § 207.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Orange County, Florida in the Orlando Division of the Middle District of Florida.

## **THE PARTIES**

6. At all times material, Ms. Fixl was an individual residing in Orange County, Florida.

7. RANDALL MECHANICAL, INC. (hereinafter "RANDALL"), operates a construction and contracting services company in Apopka, Florida.

8. RANDALL provides a variety of services including electrical, fire protection, architectural, site work, and engineering to its commercial clientele.

9. At all material times, JEFFREY S. CONDELLO ("Mr. Condello"), in relation to RANDALL:

    a. was an officer;

    b. was involved in the day-to-day operation;

    c. guided company policies;

    d. was actively engaged in the management, supervision, and oversight;

    e. controlled financial affairs;

    f. could authorize compliance with the FLSA and other laws;

    g. acted directly or indirectly in the interest of the employer in relation to its employees; and,

      h. was substantially in control of the terms and conditions of employees' work.

10. Ms. Fixl worked in the office of the electrical and fire divisions at RANDALL's headquarters, reporting directly to Randall's Vice President, Joseph McGee.

11. Ms. Fixl retained LaBar & Adams, P.A. to represent her and has agreed to pay the firm a reasonable attorney's fee and costs for its services.

## GENERAL FACTUAL ALLEGATIONS

12. RANDALL employees over 1400 individuals.

13. RANDALL is an "employer" as defined by 29 U.S.C. § 203(d).

14. RANDALL has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the facilities where Ms. Fixl performed work.

15. RANDALL employed two or more persons who have "engaged in commerce or in the production of goods for commerce," or has "had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person," as defined by 29 U.S.C. § 203(s)(1)(A)(i).

16. Ms. Fixl avers that at all times relevant, RANDALL is an enterprise whose annual gross volume of sales made or business done was not less than $500,000, in accordance with 29 U.S.C. § 203(s)(1)(A)(ii).

17. At all times relevant to employment, Ms. Fixl regularly used the instrumentalities of interstate commerce while performing work.

18. At all times relevant to employment, Ms. Fixl also regularly used the channels of commerce while performing work.

## FACTS ALLEGED

19. While working for RANDALL, Ms. Fixl was compensated as an hourly employee.

20. Ms. Fixl regularly commenced work at 8 a.m. and she stayed working until 5 or 6 p.m., and sometimes later.

21. While working for RANDALL, Ms. Fixl's job duties included, but were not limited to work order and invoice generation, data entry, and accounts receivable processing.

22. While working for RANDALL, Ms. Fixl was also tasked with preparing and processing time sheets for hundreds of hourly employees within the electrical and fire divisions at RANDALL.

23. While preparing and processing time sheets for all the hourly employees in the electrical and fire divisions, Ms. Fixl was required to implement RANDALL'S time and compensation policies as directed by Mr. Condello and RANDALL's Vice President, Joseph McGee.

24. Throughout her employment, there were numerous workweeks where Ms. Fixl worked more than 40 hours but she was not paid time-and-a-half for each overtime hour worked.

25. RANDALL denied proper overtime compensation because it required that Ms. Fixl alter or edit her timesheet so that it appeared as though she only worked 40 hours in said workweek, even though she worked in excess of 40 hours.

26. This practice of "time shaving," where Ms. Fixl was forced to modify a timesheet so that it reflected 40 hours worked despite the fact that more was actually worked, was implemented directly by RANDALL's officers and Mr. Condello, himself, to avoid paying overtime.

27. Ms. Fixl was not paid for all time spent working but rather her timecard was shaved so that she was only compensated for 40 hours, or about 8 hours per weekday in most cases.

28. This time shaving practice occurred regularly during the entire time Ms. Fixl worked for RANDALL.

29. Defendants were aware that Ms. Fixl was performing additional work without being compensated lawfully under the overtime provisions of the FLSA.

30. Ms. Fixl regularly worked through her lunch break but she was not compensated for this time regardless of whether she actually took a lunch break.

31. RANDALL did not pay overtime for all hours worked in excess of 40 during a given workweek. However, RANDALL would sometimes allow Ms. Fixl to "bank" or keep track of unpaid overtime hours. Ms. Fixl was then able to redeem these banked hours for paid time off at a later date (subject to approval from RANDALL's officers).

32. The effect of RANDALL's "banked hours" practice was that Ms. Fixl only received a straight time rate (as opposed to time and one-half) for overtime hours if she was ever allowed to redeem the banked hours.

33. Defendants knew or should have known that Ms. Fixl was not being compensated properly for all hours worked.

## COLLECTIVE ACTION ALLEGATIONS

34. Ms. Fixl brings Count II under the Fair Labor Standards Act as a collective action, and will request the Court to grant conditional class certification under 29 U.S.C. § 216(b).

35. At the direction of RANDALL and Mr. Condello, Ms. Fixl was also required to shave time from all hourly workers' timesheets within the electrical and fire divisions at RANDALL in order to avoid paying overtime.

36. At the direction of RANDALL and Mr. Condello, in addition to her own timecards, Ms. Fixl shaved hours off of hundreds of RANDALL'S employee timecards to avoid paying overtime.

37. At the direction of RANDALL and Mr. Condello, in addition to her own overtime hours, Ms. Fixl was required to participate in the "banked hours" practice for numerous hourly employees of RANDALL.

38. The policy and practices complained of herein were not limited to Ms. Fixl or to any particular employee, but were applied to *all* hourly employees in the electrical and fire divisions.

39. Ms. Fixl, as Class Representative, seeks to prosecute this matter on behalf of herself and similarly situated employees who were all subject to the same common plan and practices complained of herein.

40. Ms. Fixl is similarly situated to employees that:

a. worked for RANDALL in the electrical and fire divisions;

b. were paid an hourly rate; and

c. were denied proper overtime compensation because of the Defendants' common practices complained of herein.

41. While working for Defendants, Ms. Fixl and other similarly situated employees, were subject to the same practice of denying proper overtime compensation to its employees because of two policies and practices:

   a. the timesheet "shaving" practice, where employees' timesheets were modified or altered, after work had been completed, to reflect that less time was worked; and/or

   b. the "banked hours" practice, where Defendants did not pay overtime when due, but instead converted overtime hours to paid time off hours, that could be used at some future date and were redeemable at a straight time rate instead of the lawful premium overtime rate.

42. Defendants had knowledge that Ms. Fixl and other similarly situated employees were working overtime without proper compensation.

43. Weekly meetings were held by Mr. Condello and RANDALL'S executives where they expressly instructed that time should be shaved off of hourly employees' timesheets.

44. As a result of the Defendants' unlawful practices, throughout their employment, Ms. Fixl, and other similarly situated employees worked numerous workweeks where their hours exceeded forty but they were not paid time-and-a-half for each overtime hour worked.

45. Defendants failed to make a good faith effort to determine if Ms. Fixl and similarly situated employees were compensated appropriately pursuant to the FLSA.

46. Defendants failed to maintain and keep accurate time records

as required by the FLSA.

47. Defendants' time records are inaccurate.

48. Defendants also failed to post the required notice pursuant to the FLSA.

49. Defendants' unlawful compensation practices are in willful disregard of the rights of Ms. Fixl and other similarly situated employees.

50. Ms. Fixl, as Class Representative for a group of similarly situated individuals, will seek conditional certification for employees who were paid hourly while working at RANDALL, during the relevant claim period, and were subject to either or both of the following common policies unlawfully designed to minimize overtime: (1) the time shaving practice; and/or (2) the banked hours practice.

## COUNT I- INDIVIDUAL ACTION FOR VIOLATIONS OF THE OVERTIME PROVISION OF THE FAIR LABOR STANDARDS ACT AGAINST ALL DEFENDANTS

51. The allegations contained in paragraphs 1-33 above are realleged herein.

52. At all relevant times, Defendants repeatedly and willfully violated § 7 and § 15 of the FLSA by failing to compensate Ms. Fixl at a rate not less than one and one-half times the regular rate at which she was employed for workweeks longer than forty (40) hours.

53. Ms. Fixl was compensated for some but not all of the overtime hours she worked during a workweek.

54. Specifically, Ms. Fixl worked in excess of forty (40) hours in numerous weeks, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times of her regular rate because she was not paid for all working time over 40 hours, or for time spent working through her lunch breaks.

55. Defendants willfully failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

56. Defendants failed to post the required notice pursuant to the Fair Labor Standards Act.

57. In addition to RANDALL, Mr. Condello is individually liable for the FLSA violations as alleged.

WHEREFORE, Ms. Fixl demands judgment against Defendants, jointly and severally, for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues contained in Count I.

## COUNT II
## COLLECTIVE ACTION BY CLASS REPRESENTATIVE FOR VIOLATIONS OF THE OVERTIME PROVISION OF THE FAIR LABOR STANDARDS ACT

58. Ms. Fixl, as Class Representative, re-alleges and incorporates herein the allegations contained in paragraphs 1-48 above.

59. Defendants actions were willful and thus the claim period for Ms. Fixl, as Class Representative, and all other similarly situated employees, extends to three years.

60. Ms. Fixl, as Class Representative, and all other similarly situated employees, were employed by Defendants during the relevant limitations period.

61. Throughout the employment of Ms. Fixl, as Class Representative, and all other similarly situated employees, Defendants repeatedly and willfully violated § 7 and § 15 of the FLSA by failing to compensate the Class Representative and all other similarly situated employees, at a rate not less than one and one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours.

62. Specifically, Class Representative, Ms. Fixl, and all other similarly-situated employees worked numerous weeks throughout their

employment in excess of forty hours a week, yet were not compensated for all work in excess of forty hours at a rate not less than one and one-half times the regular rate at which they were employed because: (1) their timesheets were shaved; and/or (2) because they were subjected to "banked hours" practice.

63. Defendants failed to maintain and keep accurate time records as required by the FLSA.

64. Defendants failed to post the required notice pursuant to the FLSA.

WHEREFORE, Ms. Fixl, as Class Representative, on behalf of herself and similarly situated employees, demands judgment against Defendants, jointly and severally, for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest;

(d) Reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Class Representative on behalf of herself and similarly situated employees, demands a jury trial on all issues contained in Count II.

Dated: May 13, 2022

                                      Respectfully submitted,

                                      */s/ N. Ryan LaBar, Esq.*
                                      N. RYAN LABAR, ESQ.
                                      Florida Bar No.: 0010535
                                      Email:rlabar@labaradams.com
                                      SCOTT C. ADAMS, ESQ.
                                      Florida Bar No.: 0573442
                                      Email: sadams@labaradams.com
                                      LABAR & ADAMS, P.A.
                                      2300 East Concord Street
                                      Orlando, Florida 32803
                                      (407) 835-8968 (phone)
                                      (407) 835-8969 (facsimile)