# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARY FIXL,

        Plaintiff,

v.   Case No:   6:22-cv-901-RBD-LHP

RANDALL MECHANICAL, INC. and
JEFFREY S. CONDELLO,

        Defendants

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS (Doc. No. 32)
>
> **FILED:** March 10, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff moves for an order compelling Defendant Randall Mechanical, Inc. ("Defendant") to serve answers to her First Set of Interrogatories and responses to her First and Second Requests for Production, stating that Defendant has wholly failed to respond to these discovery requests. Doc. No. 32. According to the

motion, the parties conferred in person about the outstanding discovery on two occasions, Plaintiff provided Defendant an extension through March 10, 2023 to provide responses, but Defendant failed to do so. *Id.* at 2.

Defendant has not responded to the motion, and its time for doing so has passed. *See* Doc. No. 26, ¶ 5 (providing that opposition briefing to a discovery motion must be filed no later than five days after the motion). Accordingly, the Court deems Plaintiff's motion to be unopposed. *See id.* (stating that failure to file a timely response *will* result in the discovery motion being deemed unopposed). *See also Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294804, at *1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion."); *Bercini v. City of Orlando*, No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel); *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed).

Upon review of the unopposed motion, and the related discovery attached, the Court finds Plaintiff's motion well taken. Accordingly, the motion (Doc. No. 32) is **GRANTED**, and it is **ORDERED** as follows:

1. On or before **March 30, 2023**, Defendant shall serve on Plaintiff complete, sworn answers to Plaintiff's First Set of Interrogatories. *See* Doc. No. 32-1, at 1–13.

2. On or before **March 30, 2023**, Defendant shall produce all documents in its current possession, custody, or control responsive to the First and Second Requests for Production. *See* Doc. No. 32-1, at 14–24.

3. All objections to the discovery at issue have been waived by the failure to timely respond to the motion to compel. *See, e.g., Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned); *Bercini*, 2016 WL 11448993, at *2 (same); *LIMU Co., LLC v. Burling*, No. 6:12-cv-347-Orl-TBS, 2013 WL 1482760, at *1 (M.D. Fla. April 11, 2013) (same).

**5. Failure to comply with this Order may result in sanctions.   *See* Fed. R. Civ. P. 37(b)**.[1]

---

[1] Plaintiff does not request an award of fees and costs or any other relief in its motion, *see* Fed. R. Civ. P. 37(a)(5); accordingly, the Court declines to award any further relief at this time.

**DONE** and **ORDERED** in Orlando, Florida on March 16, 2023.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties